**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

JOEL PENSLEY,                           :
                                        :
        Plaintiff,                 :  Civil Action No. 3:09-cv-05463-JAP-DEA
                                        :
    -against-                         :  **ANSWER TO COUNTERCLAIM**
                                        :
MAUREEN ABATO and                       :
OLDE MONMOUTH                           :
STOCK TRANSFER CO.,                     :
INC.,                                   :
                                        :
        Defendants.                :
_____

      Plaintiff Joel Pensley ("Plaintiff" or "Pensley") by way of answer to the Counterclaim of the Defendant Maureen Abato, hereby says:

      ANSWER TO THE "CORRECTIONS TO STATEMENT OF "FACTS""

      1.    Plaintiff denies each and every allegation of the first unnumbered paragraph of the "CORRECTIONS TO STATEMENT OF "FACTS" (hereinafter referred to as the "Corrections").

      2.    Plaintiff admits each and every allegation of the second unnumbered paragraph of the Corrections, except that Plaintiff denies that the allegations of that paragraph are relevant, much less very relevant.

      3.    Plaintiff denies each and every allegation of Paragraph 11 of the Corrections.

      4.    Plaintiff denies each and every allegation of Paragraph 12 of the Corrections.

5. Plaintiff denies each and every allegation of Paragraph 13 of the Corrections.

6. Plaintiff denies each and every allegation of Paragraph 14 of the Corrections.

### ANSWER TO THE FIRST COUNTERCLAIM FOR FRAUD

7. Plaintiff denies each and every allegation of the third unnumbered paragraph and further cannot see the relevance of the allegations in lines 5 through 6 and demands they be struck from the pleadings.

### ANSWER TO THE SECOND COUNTERCLAIM FOR BREACH OF CONTRACT

8. Plaintiff denies each and every allegation of the fourth unnumbered paragraph and further suggests that the poor composition of the Defendants counterclaim does nothing but adds credence and support to the Plaintiff's case.

### ANSWER TO THE THIRD COUNTERCLAIM FOR BREACH OF CONTRACT

9. Plaintiff denies each and every allegation of the fifth unnumbered paragraph.

### ANSWER TO THE FOURTH COUNTERCLAIM FOR DEFAMATION

10. Plaintiff denies each and every allegation in the sixth unnumbered paragraph made by the Defendant.

### ANSWER TO THE FIFTH COUNTERCLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

11. Plaintiff vigorously denies each and every allegation made in the Defendant's seventh unnumbered paragraph.

## ANSWER TO THE SIXTH COUNTERCLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

12. Plaintiff denies each and every allegation in the Defendant's eighth unnumbered paragraph eight.

## ANSWER TO THE SEVENTH COUNTERCLAIM FOR LOSS OF POTENTIAL INCOME AND RELIANCE AND ESTOPPEL

13. Plaintiff denies each and every allegation of Defendant's ninth unnumbered paragraph.

## ANSWER TO THE EIGHTH COUNTERCLAIM FOR LOST INCOME

14. Plaintiff denies each and every allegation of Defendant's tenth unnumbered paragraph.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

1. Any and all damages alleged to be by Plaintiff to Defendant are offset in whole or in part through damages suffered as the result of Defendant's negligence, breach of contract, mistake, misrepresentations or fraud.

2. Defendant has failed to state a claim upon which this court can grant relief.

3. Defendant waived her right to recovery.

4. Another party is responsible for any damages that Defendant allegedly suffered.

5. Defendant negligently and/or wrongfully acted in this matter.

6. Defendant had an obligation to commit any non-ambiguous terms or ambiguous terms to writing.

7. Plaintiff asserts all affirmative defenses afforded to it under the Uniform Commercial Code.

8. This Counterclaim is barred by the Doctrine of Collateral Estoppel.

9. Defendant was contributorly negligent.

10. Defendant committed fraud.

11. Defendant made misrepresentations.

12. Plaintiff offsets any payments alleged to be due and owing to Defendant to repair damages caused by Defendant.

13. The Plaintiff asserts all affirmative defenses available to them in accordance with the Federal Rules of Civil Procedure.

Dated: February 8, 2010

\_\_s/Roger L. Fidler\_\_\_\_\_
Roger L. Fidler (9997)
Attorney for Plaintiff
126 East 83rd Street, Suite 3B
New York, NY 10028
(201) 670-0881

<u>CERTIFICATION OF FILING AND SERVICE</u>

The undersigned hereby certifies that the within Answer to Counterclaim was filed using the ECF system on February 8, 2010 and served upon Maureen Abato by depositing with the United States Postal Service using prepaid first class delivery to her address at 2732 East 21 Street, Brooklyn, NY 11235 and by email to <u>maureenabato@optonline.net</u> on February 8, 2010.

Dated: February 8, 2010                                     s/Roger L. Fidler
                                                                                       Roger L. Fidler, Esq.